U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1 2011

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VAL-COM ACQUISITIONS TRUST, ET AL., | § § § | |
| Plaintiffs, | § § | |
| VS. | § | NO. 4:10-CV-748-A |
| COLONIAL SAVINGS, F.A., | § § § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant, Colonial Savings, F.A., to dismiss the complaint of plaintiffs, Val-Com Acquisitions Trust ("Val-Com") and Rodney J. Morales ("Morales"), for failure to state a claim upon which relief may be granted. Plaintiffs did not respond to the motion. After having considered the motion, the complaint, and applicable authorities, the court has concluded that the motion should be granted.

I.

Background

This action was initiated on August 2, 2010, by the filing by plaintiffs of their complaint in the 17th Judicial District Court of Tarrant County, Texas.

According to the complaint, Morales applied for a loan from defendant for the purchase or refinancing of a personal residence located at 5011 Stage West Drive, Arlington, Texas (the "property"). In connection with the loan transaction, he executed a note in the amount of $73,663.00, payable to defendant, and a deed of trust on the property naming Colonial National Mortgage, a division of defendant, as beneficiary. Both the note and the deed of trust were executed on March 15, 2004. On July 30, 2010, Val-Com acquired the property from Morales by general warranty, subject to the note and deed of trust. Val-Com is the authorized agent and/or attorney-in-fact for Morales with respect to the property.

Plaintiffs allege "on information and belief, and based on the performance of a preliminary audit of the loan documents and closing documents relating to the Note and Deed of Trust," that defendant violated the provisions of Truth In Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); its implementing regulation, Regulation Z, 12 C.F.R. Part 226; and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), by failing to provide Morales with required disclosure statements and other disclosures and by failing to comply with other procedures required by TILA, RESPA, and Regulation Z. Notice of Removal, Ex. B at 4-5.

Plaintiffs assert causes of action against defendant for the alleged violations of TILA and RESPA, for fraud in a real estate transaction, and for negligent misrepresentation. They seek damages, declaratory relief, and a temporary restraining order, temporary injunction, and permanent injunction preventing defendant from conducting a non-judicial foreclosure sale of the property.

II.

Grounds of the Motion

Defendant seeks dismissal of plaintiffs' complaint on the following grounds:

1. The complaint fails to meet the standard for pleading described in <u>Ashcroft v. Iqbal</u>, 556 U.S. ---, 129 S. Ct. 1937 (2009), because it does not allege any facts that would allow the court to draw the reasonable inference that defendant did anything wrong;

2. Plaintiffs' TILA, RESPA, fraud in a real estate transaction, and negligent misrepresentation claims are barred by statute of limitations;

3. Plaintiffs have failed to allege any facts supporting a violation of either TILA or RESPA;

4. Plaintiffs are not entitled to declaratory or injunctive relief because they have no underlying claim;

5. The provision of the Texas Business & Commerce Code that provides a cause of action for fraud in a real estate transaction does not apply to loan transactions; and

6. Val-Com does not have standing.

III.

Applicable Motion to Dismiss Principles

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. Dismissal is appropriate when the plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and fails to raise a right to relief "above the speculative level," id. at 555. In determining whether a plaintiff's complaint states a plausible claim to relief, the court must accept all well-pleaded factual allegations as true; however, it need not credit bare legal conclusions or unwarranted deductions of fact. Id. at 555.

A statute of limitations defense may be properly asserted in a motion to dismiss for failure to state a claim. Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 141 (5th Cir. 2007). The court should grant a motion to dismiss based on a limitations defense when it is evident from the face of the plaintiff's pleadings that the action is barred and that no basis

for tolling exists. Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003).

IV.

Analysis

A. Plaintiffs' TILA, RESPA, Fraud in a Real Estate Transaction, and Negligent Misrepresentation Claims Are Barred by Statutes of Limitations

It is evident from the face of plaintiffs' complaint that plaintiffs' TILA, RESPA, fraud in a real estate transaction, and negligent misrepresentation claims are barred by statutes of limitations and that no basis for tolling exists.[1] As a result, the court is dismissing those claims on that ground.

1. TILA

A claim for violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A violation "occurs" when the relevant transaction is consummated. In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984). Plaintiffs allege that the documents evidencing the loan transaction between Morales and defendant were executed on March 15, 2004. Plaintiffs did not bring their

---

[1] In the complaint, plaintiffs allege in a conclusory way that they are entitled to tolling of limitations as to all of their claims because Morales did not discover, and could not have discovered, the factual basis of the claims until after he deeded the property to Val-Com in July 2010. The court need not credit such conclusory allegations. Plaintiffs have not alleged any facts showing that they are entitled to tolling. See Moor v. Travelers Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986).

5

action until August 2, 2010. Therefore, their claims for violations of TILA are barred by limitations.

2. RESPA

Plaintiffs' claims that defendant violated RESPA are subject to a one-year or three-year statute of limitations, depending on which section of RESPA plaintiffs claim defendant violated. 12 U.S.C. § 2614. The limitations period begins to run on the date of the occurrence of the violation, which the Fifth Circuit has interpreted to mean the date of closing. Snow v. First Am. Title Ins. Co., 332 F.3d 356, 359, 361 (5th Cir. 2003). Plaintiffs' complaint fails to specify which section of RESPA defendant violated; however, plaintiffs' claims, brought more than six years following the date of closing of the loan transaction, are barred no matter what limitations period applies.

3. Fraud in a Real Estate Transaction & Negligent Misrepresentation

Plaintiffs' state law claims for fraud in a real estate transaction and negligent misrepresentation are also barred. Such claims are subject to a four-year and two-year statute of limitations, respectively, Ford v. Exxon Mobil Chem. Co., 235 S.W.3d 615, 617 (Tex. 2007) (per curiam) (fraud in a real estate transaction); HECI Exploration Co. v. Neel, 982 S.W.2d 881, 885 (Tex. 1998) (negligent misrepresentation), and, like all of

plaintiffs' other claims, accrued on the date of closing of the loan transaction between Morales and defendant. Because plaintiffs did not file this action until more than six years after the date of closing of the loan transaction, they have lost the right to pursue claims for fraud and negligent misrepresentation.

B. Plaintiffs' Requests for Declaratory and Injunctive Relief Also Fail

Plaintiffs' complaint seeks declaratory relief under the Texas Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. § 37.002 (West 2008). The Texas act is procedural and does not apply in a removed action such as this one. Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998). Whether the Texas act or the Federal Declaratory Judgment Act applies makes no difference because both require an actual case or controversy between the parties. For the same reasons given by the Fifth Circuit in Val-Com Acquisitions Trust v. CitiMortgage, Inc., No. 10-11010, slip op. at 4 (5th Cir. Apr. 7, 2011), and Val-Com Acquisitions Trust v. Chase Home Finance, LLC, No. 10-11004, slip op. at 2-3 (5th Cir. Apr. 1, 2011), plaintiffs have not alleged facts indicating there is an actual case or controversy between them and defendant. Accordingly, plaintiffs' request for declaratory relief should be dismissed.

To obtain injunctive relief plaintiffs must allege and prove facts showing a substantial likelihood that they will prevail on the merits of their claims. DSC Commc'ns Corp. v. DGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996). For the reasons stated in section IV.A. of this memorandum opinion, plaintiffs have not alleged any such facts. Their request for injunctive relief is dismissed.

\*     \*     \*     \*

Although the court is not addressing the other grounds for dismissal urged by defendant in the motion, a preliminary review indicates that defendant would be entitled to dismissal of the action on those grounds as well.

## V.

### Order

For the reasons given above,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted by plaintiffs against defendant be, and are hereby, dismissed with prejudice.

SIGNED April 11, 2011.

_____
JOHN McBRYDE
United States District Judge

8